# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FREE SPEECH COALITION, INC.; DEEP CONNECTION TECHNOLOGIES, INC.; JFF PUBLICATIONS, LLC; PHE, INC.; and MELROSE MICHAELS,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN SKRMETTI, in his official capacity as THE ATTORNEY GENERAL OF TENNESSEE,<br><br>Defendant. | CASE NO.:<br><br>JUDGE: |

## MOTION TO PROCEED PSEUDONYMOUSLY

*Anonymity is a shield from the tyranny of the majority. . . . It thus exemplifies the purpose behind the Bill of Rights and of the First Amendment in particular: to protect unpopular individuals from retaliation . . . at the hand of an intolerant society.*

*McIntyre v. Ohio*, (1995) 514 U.S. 334, 357.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Requested Relief**

Plaintiffs move this Honorable Court for leave for Plaintiff ███████[1] aka MELROSE MICHAELS and ███████ aka DOMINIC FORD (who testifies on behalf of Plaintiff JFF Publications, LLC) to proceed in this matter pseudonymously.

---

[1] An unredacted version of this document has been filed under seal.

II.     **Statement of Relevant Facts**

In this action, five plaintiffs, representing an assortment of interests, bring a facial challenge to S.B. 1792 (the "Act"), which purports to protect children from sexual content that may be harmful to minors. To achieve its goals, the Act requires adults to provide identification as a prerequisite to viewing erotic material that is appropriate for adults but not for minors. Plaintiffs ▉▉▉▉▉▉▉, and a representative of Plaintiff JFF Publications, LLC, ▉▉▉▉▉▉▉, are likely to suffer significant negative consequences from being identified as appearing in or providing erotic content to those who wish to view such content, while the public has little interest in knowing their legal names. Declaration of Dominic Ford, hereinafter ("Ford Decl.") ¶ 22, Declaration of MelRose Michaels, hereinafter ("Michael's Decl.") ¶¶ 5-8, 10. Accordingly, Plaintiffs request that ▉▉▉▉ and ▉▉▉▉▉ be allowed to proceed in this action using pseudonyms.

III.    **Argument**

While plaintiffs generally must identify themselves in their Complaint pursuant to Fed. R. Civ. P. 10(a), courts have recognized that right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). In exercising its discretionary power to limit access to judicial records, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. See *Andrews v. Tri Star Sports & Entm't Grp., Inc.,* No. 3:21-cv-00526, 2023 U.S. Dist. LEXIS 88897, at *3 (M.D. Tenn. May 22, 2023) ("The Court finds that the privacy interests of the third parties and the interests in protecting trade secrets outweighs the public's interest in accessing the information.").

A.  **The Context of This Litigation Allows for the Use of Pseudonyms.**

Courts may excuse plaintiffs from identifying themselves after weighing several considerations to determine whether a plaintiff's privacy interests substantially outweigh the

presumption of open judicial proceedings. Those considerations include: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

The Court should allow these plaintiffs to use pseudonyms based on two of those considerations. First, Plaintiffs are challenging governmental activity—the enforcement of S.B. 1792, which requires individuals to verify their age (and thereby their identity) before viewing adult content. Second, the case involves "matters of a highly sensitive and personal nature"—namely, provision and receipt of erotic adult content, which other district courts have recognized as a valid basis for the use of pseudonyms is challenges to age-verification laws in other states. See *Free Speech Coal v. Anderson*, No. 2:23-cv-00287, 2023 U.S. Dist. LEXIS 111976 (D. Utah June 27, 2023).

### B. Factors Other Circuits Consider Also Support Allowing the Use of Pseudonyms Here.

As discussed above, despite Rule 10(a)'s command that the title of every complaint "include the names of all the parties," parties may proceed anonymously when special circumstances justify secrecy. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *See also, Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 190 (2d Cir. 2008); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). A Texas District Court carefully surveyed cases from the circuits and compiled the following list of factors they have traditionally considered.

> These circuits agree that a party may preserve [his/her/their] anonymity in judicial proceedings when the party's need for

anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. Courts examine several factors in making this determination:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice, if any, differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*United States ex rel. Doe v. Boston Scientific Corp.*, No. 07-cv-2467, U.S. Dist. LEXIS 59390, at *9 (S.D. Tex. July 2, 2009).

These factors overwhelmingly support the use of pseudonyms here.

1. **Sensitive and Personal Nature of Litigation –**

As commented on above, Plaintiffs are challenging legislation that restrains their right to distribute and access sexually expressive content. The choice to access sexually expressive material is a sensitive and highly personal matter.

2. **Risk of Retaliation –**

This factor weighs in favor of allowing these Plaintiffs to proceed using their pseudonyms. Many people view sexually expressive material, and those who view it or distribute it, with scorn. Ford Decl. ¶¶ 22-23. Plaintiffs are therefore at risk of ostracization within their communities and their families. Also, individuals working in the adult entertainment industry have frequently been subject to doxing, stalking, and harassment. Michaels Decl. ¶¶ 5-8, 10. Accordingly, this factor further supports the need for anonymity here.

3. **Other Harms (including whether the injury litigated would be incurred as a result of disclosure) -**

This is a classic example of a case "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." See, *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Plaintiffs in this matter object to the government requiring the presentation of identification papers as a prerequisite to viewing constitutionally protected erotic content. It would be incongruous to require Plaintiffs to reveal their identities in order to present their case.

4. **Special Harm Due to Age –**

This factor is favors anonymity when plaintiffs are minors and does not apply here.

5. **Government Verses Private Parties –**

As discussed above, Plaintiffs are suing a governmental actor, and thus this factor weighs in favor of granting the Motion.

6. **Prejudice to Defendant -**

Notably, permitting the Plaintiffs to proceed pseudonymously will not disadvantage the Defendant. Plaintiffs are willing to provide their identities to Defendant, provided a protective order is in place that would prohibit their identities from being disclosed in the public record. Thus, this factor also weighs in favor of allowing the use of pseudonyms.

7. **Plaintiff's Identity thus Far –**

Plaintiffs file this motion concurrently with the Complaint in this action. Michaels and Ford have not made statements to the media or otherwise sought public attention relating to this

matter. Michaels Decl. ¶ 5, Ford Decl. ¶ 22. *See Roe v. Patterson*, No. 19-cv-00179, 2019 U.S. Dist. LEXIS 95314, at *13 (E.D. Tex. June 3, 2019). Plaintiffs' true names have not been publicly disclosed in connection to this matter and thus this factor supports allowing anonymity.

8. **Public's Interest in Plaintiff's Identity –**

The public has no interest in Plaintiffs' identities. Plaintiffs bring a purely legal facial challenge to a law that effects millions of people – many of whom could have brought the same or a similar challenge. Therefore, it is difficult to imagine "how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1072 (9th Cir. 2000). In *Advanced Textile*, the Ninth Circuit recognized that in some cases requiring plaintiffs to identify themselves may deter individuals from coming forward thereby denying the public's interest in seeing important issues decided on the merits. *Id*. *See also Doe v. Cty. of El Dorado*, No. 2:13-CV-01433, 2013 U.S. Dist. LEXIS 169883, at *12-13 (E.D. Cal. Dec. 2, 2013) ("In certain situations, anonymity does not obstruct public scrutiny of the important issues in a case, and the public interest militates in favor of seeing the case decided on the merits.") (citing *Advanced Textile*, 214 F.3d at 1073).

Other than their desire to anonymously distribute or access erotic material, there is nothing particularly unique about these individuals and, beyond questions of standing, their identities have nearly no relevance to the claims advanced.

9. **Legal Nature of the Issues Presented -**

As a First Amendment facial challenge, this is precisely the type of claim that this factor singles out as being appropriate for the use of a pseudonym in litigation of the claims.

In a law review article that broadly condemns the use of pseudonyms in litigation, law professor and First Amendment scholar Eugene Volokh unflinching approves of the practice where Plaintiffs advance facial challenges to government action.

> The presumption against pseudonymity may be weakened when, "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities." This is particularly likely in facial challenges to government actions, where the litigant's identity is generally

not important to analyzing the substantive questions (though it might bear on ancillary matters, such as the litigant's standing to bring the challenge).

Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 HASTINGS L.J. 1353, 1378 (2022).

**10. Alternative Mechanisms –**

Allowing these Plaintiffs to proceed using pseudonyms appears to be the sole method of protecting their identities. It is a method that fits well with this litigation and will have exceedingly little impact on the ability of the parties and the Court to resolve the important First Amendment and other constitutional claims Plaintiffs advance.

Of the ten factors the Court should consider, nine of them weigh in favor of granting Plaintiffs' Motion. The other – the age of the Plaintiff – is not relevant.

### C. The First Amendment Also Supports the Motion.

The First Amendment not only protects the right to speak but also the "right to receive information and ideas." *Stanley v. Georgia*, 394 U.S. 557, 564 (1969). Whether disseminating or receiving ideas, the First Amendment protects anonymous communications.

"As a general proposition, anonymous speech is protected by the First Amendment." *Justice for All v. Faulkner*, 410 F.3d 760, 764 (5th Cir. 2005). The anonymous pamphleteer is one of the enduring images of the American revolutionary heritage." *Rancho Publications v. Superior Court*, 68 Cal. App. 4th 1538, 1540–1541 (Cal. App. 1999). Founders Alexander Hamilton, James Madison, and John Jay wrote the Federalist Papers under the pseudonym "Publius" and "the Federal Farmer" spoke up in rebuttal. "[T]he Supreme Court has noted, *inter alia*, the importance of anonymity as a means of permitting 'persecuted groups and sects' to 'criticize oppressive practices and laws.'" *Faulkner*, at 764 (*citing Talley v. California*, 362 U.S. 60, 64 (1960)).

Thus, the First Amendment itself supports Plaintiffs' requests to allow some plaintiffs to use pseudonyms.

**WHEREFORE**, Plaintiffs respectfully request that this Court issue an order granting Plaintiff ▮▮▮ and ▮▮▮ leave to proceed in this civil action through the use of pseudonyms.

Respectfully Submitted,

Dated: November 26, 2024

*/s/ Edward Bearman*
Edward M. Bearman #14242
The Law Office of Edward M. Bearman
780 Ridge Lake Blvd suite 202
Memphis, Tennessee 38120
Phone: (901) 682-3450 x125
Facsimile: (901) 682-3590
e-mail: ebearman@jglawfirm.com

*/s/ Gary Veazey*
Gary E Veazey # 10657
The Law Office of Gary E, Veazey
780 Ridge Lake Blvd suite 202
Memphis, Tennessee 38120
Phone: (901) 682-3450 x125
Facsimile: (901) 682-3590
e-mail: gveazey@jglawfirm.com

*/s/ James M. Allen*
James Allen # 15968
The Allen Law Firm
780 Ridge Lake Blvd suite 202
Memphis, Tennessee 38120
Phone: (901) 682-3450 x125
Facsimile: (901) 682-3590
e-mail: jim@jmallenlaw.com

*of counsel pending admission pro hac vice*

| | |
|---|---|
| Jeffrey Sandman | D. Gill Sperlein |
| LA Bar No. 39073 (*pro hac vice* pending) | CA Bar No. 172887 (*pro hac vice* pending) |
| Webb Daniel Friedlander LLP | The Law Office of D. Gill Sperlein |
| 5208 Magazine St., Ste 364 | 345 Grove Street |
| New Orleans, LA  70115 | San Francisco, CA  94102 |
| Phone: (978) 886-0639 | Phone: 415-404-6615 |
| e-mail: jeff.sandman@webbdaniel.law | e-mail: gill@sperleinlaw.com |

By attorneys: