# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION AT MEMPHIS

| | | |
|---|---|---|
| **FREE SPEECH COALITION, INC.,** | ) | |
| **DEEP CONNECTION TECHNOLOGIES, INC.,** | ) | |
| **JFF PUBLICATIONS, LLC,** | ) | |
| **PHE, INC., and MELROSE MICHAELS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:24-cv-02933** |
| | ) | **Chief Judge Lipman** |
| **JONATHAN SKRMETTI, in his official capacity as** | ) | **Magistrate Judge Pham** |
| **THE ATTORNEY GENERAL OF TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## DEFENDANT'S EMERGENCY MOTION TO STAY
## THE PRELIMINARY INJUNCTION PENDING APPEAL

---

At approximately 6:00 PM Central on December 30, 2024, the Court issued a preliminary injunction forbidding the Defendant, Tennessee Attorney General Jonathan Skrmetti, from enforcing the Protect Tennessee Minors Act, 2024 Tenn. Pub. Acts, ch. 1021. Dkt. 38. That same day, December 30, 2024, General Skrmetti noticed an appeal from that order. Dkt. 39. Before appellate intervention, and if practicable, the Federal Rules of Appellate Procedure give this Court an opportunity to stay its preliminary injunction pending appeal. Fed. R. App. P. 8(a)(1)-(2). General Skrmetti thus moves under Federal Rule of Civil Procedure 62(d) for a stay of the preliminary injunction during the pendency of his appeal to the U.S. Court of Appeals for the Sixth Circuit.

General Skrmetti appreciates that, having just granted a preliminary injunction, this Court disagrees that the State is likely to succeed on appeal. So if this Court intends for its preliminary injunction to remain in full force, then General Skrmetti respectfully asks it to deny this motion

quickly, without waiting for a response from Plaintiffs, so that General Skrmetti can timely exercise his right to seek emergency relief from the Sixth Circuit. If no stay issues by the afternoon of December 31, 2024, General Skrmetti intends to file a motion to stay in the Court of Appeals.

A stay pending appeal is warranted for multiple independent reasons.

*First*, the Court should grant a stay because the Pornographers unreasonably delayed in bringing their action and their request for preliminary relief.

*Second*, the Court should grant a stay to avoid creating a conflict with Supreme Court and Seventh Circuit precedent allowing similar age-verification laws to take effect.

*Third*, the Court should grant a stay based on a proper balancing of the traditional stay factors. Even assuming this Court thinks the Defendant is unlikely to succeed on the merits, *see* Dkt. 38 at 861, it can and should enter a stay. District courts oftentimes stay their own injunctions. *E.g.*, *George v. Hargett*, 879 F.3d 711, 715 (6th Cir. 2018); *Texas v. United States*, No. 4:18-cv-00167-O, Doc. 221 (N.D. Tex. Dec. 31, 2018). They do so because, even though *they* rejected the movant's arguments, they recognize that those arguments present serious questions that the appellate court could see differently. This serious-questions standard is easily met here. These serious questions, coupled with the irreparable harm to Tennessee and its children, warrant a stay.

In any event, the Court should limit the breadth of its injunction. Even for overbreadth claims, injunctive relief must be limited to providing the plaintiffs relief for the allegedly unconstitutional applications of the PTMA.

At minimum, this Court should enter an administrative stay of its injunction until the Sixth Circuit decides the forthcoming emergency motion to stay this Court's injunction pending appeal.

In support of its motion to stay, Defendant Skrmetti relies on the accompanying memorandum of law, which is incorporated herein by reference.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ J. Matthew Rice*
J. MATTHEW RICE (BPR #040032)
Solicitor General of Tennessee
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-6026
Matt.Rice@ag.tn.gov

*Counsel for Defendant*

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), I, J. Matthew Rice, counsel for the Attorney General, certify that I conferred with D. Gill Sperlein, counsel for Plaintiffs, regarding the relief requested in the motion by email on December 30, 2024.  Plaintiffs' counsel informed me that they are opposed to this motion.

*/s/ J. Matthew Rice*
J. MATTHEW RICE (BPR #040032)
Solicitor General of Tennessee
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-6026
Matt.Rice@ag.tn.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the

Court's electronic filing system on December 31, 2024 to all counsel of record:

D. Gill Sperlein
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, CA 94102
gill@sperleinlaw.com

Jeffery Sandman
WEBB DANIEL FRIEDLANDER LLP
5208 Magazine St.
Suite #364
New Orleans, LA 70115
Jeff.Sandman@webbdaniel.law

Gary E. Veazey
JOHNSON GRUSIN KEE & SURPRISE
780 Ridge Lake Boulevard, Ste. 202
Memphis, TN 38119
gveazey@jglawfirm.com

James M. Allen
ALLEN LAW FIRM PLLC
780 Ridge Lake Boulevard, Ste. 202
Memphis, TN 38120-9426
jim@jmallenlaw.com

Edward M. Bearman
780 Ridge Lake Boulevard, Ste. 202
Memphis, TN 38120
ebearman@jglawfirm.com

*/s/ J. Matthew Rice*
J. MATTHEW RICE (BPR #040032)
Solicitor General of Tennessee
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-6026
Matt.Rice@ag.tn.gov

*Counsel for Defendant*