IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FREE SPEECH COALITION, INC., et al.,  ) <br> ) <br> Plaintiffs,  ) <br> ) <br> v.  ) <br> ) <br> JONATHAN SKRMETTI, in his official  ) <br> capacity as THE ATTORNEY GENERAL  ) <br> OF TENNESSEE,  ) <br> ) <br> Defendant.  ) <br> ) | No. 2:24-cv-02933-SHL-tmp |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Defendant Jonathan Skrmetti seeks to stay proceedings pending the Sixth Circuit's decision on Skrmetti's appeal of this Court's order granting a preliminary injunction[1] and the Supreme Court's decision in a similar case, Free Speech Coalition, Inc. v. Paxton, No. 23-1122 (U.S.). (ECF No. 49 at PageID 944.) Skrmetti argues that a stay would conserve judicial and party resources because both decisions will address the correct standard for reviewing the constitutionality of the Protect Tennessee Minors Act. (ECF No. 49 at PageID 944.) But Plaintiffs argue that "the show must go on." (ECF No. 52 at PageID 968.)

Because the Court agrees that the Supreme Court's decision will provide guidance here, the motion is **GRANTED IN PART**. The Court will stay proceedings until the Supreme Court issues its decision in Paxton, but, at this early stage, it sees no reason to halt proceedings until the Sixth Circuit decides Skrmetti's appeal.

---

[1] A district court retains jurisdiction to decide the merits of a case even if its order on a preliminary injunction is on appeal. See Moltan Co. v. Eagle-Picher Indus., Inc., 55 F.3d 1171, 1172 (6th Cir. 1995) ("[A]n appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues in the case.").

## BACKGROUND

Plaintiffs filed suit to prevent enforcement of the PTMA, alleging that the law violates the First Amendment, the Fourteenth Amendment, and the Supremacy Clause. (See generally ECF No. 1.) The Court agreed that the PTMA likely violates the First Amendment on its face and preliminarily enjoined its enforcement. (See generally ECF No. 38.) Skrmetti immediately appealed the preliminary injunction order (ECF No. 44) and filed an emergency motion to stay it (ECF No. 40), which the Court denied (ECF No. 43).

Finding no relief here, Skrmetti petitioned the Sixth Circuit for an emergency stay of the preliminary injunction pending a decision on the merits of his appeal. The Sixth Circuit granted the emergency stay and later stayed the entire interlocutory appeal pending the Supreme Court's decision in Free Speech Coalition, Inc. v. Paxton, No. 23-1122 (U.S.). (ECF No. 53-1.) In its order staying the injunction, the court noted that "the Supreme Court will soon offer guidance on the standard of review we should apply." Free Speech Coal., Inc. v. Skrmetti, No. 24-6158, 2025 WL 512049, at *3 (6th Cir. Jan. 13, 2025). Skrmetti now seeks to stay proceedings here for the same reason.

## APPLICABLE LAW

The power to stay proceedings flows from a court's power to control its docket. Joyner v. Vilsack, No. 1:21-cv-01089-STA-jay, 2021 WL 3699869, at *2 (W.D. Tenn. Aug. 19, 2021) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). The court has "wide latitude and discretion to grant stays 'to avoid piecemeal, duplicative litigation and potentially conflicting results.'" Derrick v. Friar, No. 2:17-cv-02741-SHL-atc, 2022 WL 20742544, at *1 (W.D. Tenn. Dec. 9, 2022) (citing IBEW, Local Union No. 2020 v. AT&T Network Sys., No. 88–3895, 1989 WL 78212, at *8 (6th Cir. July 17, 1989)). But the court must "tread carefully in granting a stay

of proceedings"—a party has a right to a final disposition "without undue delay." City of Memphis v. Horn Lake Creek Basin Interceptor Sewer Dist. of Desoto, No. 2:19-cv-2864-MSN-cgc, 2020 WL 6365518, at *2 (W.D. Tenn. June 10, 2020) (citing Ohio Env't Council v. U.S. Dist. Ct., S.D. Ohio, 565 F.2d 393, 396 (6th Cir. 1977)).

District courts are not bound by a "mechanical and narrow" test in assessing a motion to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). Instead, the court must consider the balance of hardship between the parties and whether a stay will promote the efficient use of judicial and party resources. Joyner, 2021 WL 3699869, at *2 (W.D. Tenn. Aug. 19, 2021). The moving party has the burden to prove that the non-moving party will not be injured by a stay. Id. While a court should rarely compel a litigant "to stand aside" while another litigant "settles the rule of law that will define the rights of both," Landis, 299 U.S. at 255, stays "are often issued while the resolution of a related action in another court is pending," Doe ex rel. Doe 1 v. Varsity Brands, LLC, No. 2:22-cv-02657-JTF-tmp, 2023 WL 3090041, at *2 (W.D. Tenn. Apr. 25, 2023) (citation omitted); see also Free Speech Coal., Inc. v. Rokita, No. 1:24-cv-00980-RLY-MG, 2024 WL 5055810, at *5 (S.D. Ind. Nov. 27, 2024) (granting a stay of the challenge to Indiana's age-verification law pending the Supreme Court's decision in Paxton).

## ANALYSIS

A stay pending the Paxton decision is justified here, where the Supreme Court is poised to reconsider the standard of review applicable to Plaintiffs' claims. See Rokita, 2024 WL 5055810, at *5 (stating that "a decision by the Supreme Court on what standard of review is applicable to the law at issue would streamline the Court's decision-making abilities"); Free Speech Coal., Inc. v. Moody, No. 4:24-cv-514-MW-MAF, at *4 (N.D. Fla. Jan. 16, 2025) ("This Court recognizes that Plaintiffs' speech is chilled every day the challenged law is in effect, but,

3

given the substantial guidance the Supreme Court is likely to provide in its ruling in Paxton and the impact this guidance will have on this Court's analysis of Plaintiffs' primary constitutional claims, along with Plaintiffs' decision to allow the law to go into effect before seeking preliminary injunctive relief, this Court concludes that a limited stay of these proceedings is both appropriate and necessary in this case.").

Plaintiffs argue that a stay would not preserve judicial and party resources because the PTMA is materially different from the law before the Supreme Court.[2] While the Court agrees that the PTMA captures more speech than the law at issue in Paxton, the Sixth Circuit has already indicated that it would be prudent to wait for Paxton's guidance before wasting time and resources on an issue that could look entirely different in several months, irrespective of these differences. (ECF No. 53 at PageID 978.) And a stay in these proceedings would not prejudice Plaintiffs—it would simply preserve the status quo. There is not a scheduling order in this matter, and discovery has yet to begin. The Sixth Circuit already stayed the preliminary injunction, so the PTMA has been in effect for almost four months at this point. Nothing will change for Plaintiffs if the Court imposes a brief stay pending the Paxton decision.

Thus, Skrmetti's motion is **GRANTED IN PART**. This action is **STAYED** until the Supreme Court issues its decision in Free Speech Coalition, Inc. v. Paxton, No. 23-1122 (U.S.). Skrmetti, however, seeks a stay pending the Sixth Circuit's decision on his appeal of the preliminary injunction, which will not issue until after the court reviews the Paxton decision.

---

[2] Skrmetti points out that Plaintiff Free Speech Coalition sought a stay of the challenge to Indiana's law to "reduce the litigation burdens imposed on the Court and the parties," and it jointly moved for a stay in the district court in Paxton for the same reason. (ECF No. 50 at PageID 951.) Skremetti argues that what is good for the goose is good for the gander. (Id.) But the Court will not hold Free Speech to its position in different cases involving different considerations, especially when Indiana's law tracks the law at issue in Paxton more than Tennessee's law does.

This Court sees no reason to wait so long when it is not yet clear whether and how Paxton will change the analysis at issue.  Instead of imposing a blanket stay pending the Sixth Circuit's decision, the parties are **DIRECTED** to file a status update within **ten days** of the Paxton decision outlining its effect on Plaintiffs' claims.  If Skrmetti still believes a stay pending appeal is appropriate at that point, he may file a renewed motion.

    **IT IS SO ORDERED,** this 22nd day of April, 2025.

                                                  s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE