UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| FREE SPEECH COALITION, INC., <br> DEEP CONNECTION TECHNOLOGIES, INC., <br> JFF PUBLICATIONS, LLC, <br> PHE, INC., and MELROSE MICHAELS, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN SKRMETTI, in his official capacity as <br> THE ATTORNEY GENERAL OF TENNESSEE, <br><br> Defendant. | No. 2:24-cv-02933 <br> Chief Judge Lipman <br> Magistrate Judge Pham |

### DEFENDANT'S STATUS UPDATE REGARDING THE SUPREME COURT'S DECISION IN *FREE SPEECH COALITION, INC. V. PAXTON*

Defendant Jonathan Skrmetti, Attorney General for the State of Tennessee, provides a status update regarding the Supreme Court's decision in *Free Speech Coalition, Inc. v. Paxton*, No. 23-1122, 2025 WL 1773625 (2025), pursuant to this Court's April 22, 2025 Order staying this matter pending the Supreme Court's decision, (D.E. 55, PageID# 984).

*Paxton* involved the same organizational plaintiff, Free Speech Coalition, raising the same challenge brought here. Texas enacted a law, H.B. 1181, that requires "use of reasonable age verification methods" when "more than one-third" of a website's content is "sexual material harmful to minors." *Paxton*, 2025 WL 1773625 at *3 (citing Tex. Civ. Prac. & Rem. Code Ann. § 129B.002(a)). H.B. 1181 defines "sexual material harmful to minors" as material that: (1) "is designed to appeal to or pander to the prurient interest" when taken "as a whole and with respect to minors"; (2) describes, displays, or depicts "in a manner patently offensive with respect to minors" various sex acts and portions of the human anatomy, including depictions of "sexual

1

intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation, [and] excretory functions"; and (3) "lacks serious literary, artistic, political, or scientific value for minors." *Id.* (citing Tex. Civ. Prac. & Rem. Code Ann. § 129B.001(6)). That restriction is "materially similar" to Tennessee's law, as the Supreme Court explicitly acknowledged. *Id.* at *4 n.2.

Tennessee's law, the Protect Tennessee Minors Act ("PTMA"), also requires use of a "reasonable age-verification method" when more than "thirty-three and one-third percent (33 1/3%) or more" of a website's content is "content harmful to minors." Tenn. Code Ann. § 39-17-912(b)(13), (c)(1)-(2). And after recent legislation, the PTMA defines "harmful to minors" as content that: (1) "appeal[s] predominantly to the prurient, shameful or morbid interests of minors," (2) "is patently offensive … with respect to what is suitable for minors," ***and*** (3) "[t]aken as whole lacks serious literary, artistic, political or scientific values for minors." Tenn. Code Ann. § 39-17-901(6); (*see* Notice, D.E. 56, PageID# 985-87).

*Paxton* made clear that these laws do not violate the First Amendment. In *Paxton*, the Supreme Court determined Texas's H.B. 1181 neither "regulate[s] the content of protected speech" on "its face" nor "in its justification." 2025 WL 1773625, at *11 (citation omitted). Instead, "[o]n its face" it "regulates only speech that is obscene to minors" and "its apparent purpose is simply to prevent *minors*" from "access[ing] speech that is obscene to them." *Id.* Because laws like H.B. 1181 only impose a "burden" on adults "incidental to the statute's regulation of activity that is not protected by the First Amendment," the "appropriate standard" of scrutiny for these laws is "intermediate scrutiny." *Id.*

The Court then held that age-restrictions on content harmful to minors "readily satisf[y]" intermediate scrutiny. *Id.* at *17. These laws "undoubtedly advance[] [the] important governmental interest" in "shielding children from sexual content." *Id.* And "requiring age

2

verification online is plainly a legitimate legislative choice" to further that interest, which makes these laws "sufficiently tailored." *Id.* The Court held that Texas's adaption of commonly used in-person age-verification requirements to the digital age was "plainly legitimate" and "well within the State's discretion under intermediate scrutiny." *Id.*

That reasoning ends this case. Like the Texas law, Tennessee's PTMA "readily survives" intermediate scrutiny because it shields children from sexual content and adapts in-person age-verification requirements to the digital age. And the Court made that explicit. "The power to require age verification is within a State's authority to prevent children from accessing sexually explicit content." *Id.* at *3. The Court specifically characterized the PTMA as "*materially similar*" to Texas's law. *Id.* at *4 n.2. Plus, Tennessee amended the PTMA to align with the Texas law. (*See* Notice, D.E. 56, PageID# 985-87). The bottom line: Texas's win in *Paxton* should spell victory for Tennessee in this case. *See id.* at *17.

In the appeal of this Court's preliminary injunction, Defendant is preparing a motion requesting that the Sixth Circuit vacate this Court's preliminary injunction and remand the case for further proceedings in accordance with the Supreme Court's decision in *Paxton*. After remand, this Court should grant Defendant's pending motion to dismiss, (D.E. 35, PageID# 805-06). But if the Court determines that additional briefing is necessary, Defendant requests that discovery and other matters remain stayed until the motion to dismiss is resolved.

Respectfully submitted,


*/s/ Zachary L. Barker*
ZACHARY L. BARKER, BPR # 035933
Senior Assistant Attorney General

ANDREW D. DENNING, BPR #042208
Assistant Attorney General

Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-8726
Zachary.Barker@ag.tn.gov
Andrew.Denning@ag.tn.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on June 7, 2025, to all counsel of record:

D. Gill Sperlein
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, CA 94102
gill@sperleinlaw.om

Gary E. Veazey
JOHNSON GRUSIN KEE & SURPRISE
780 Ridge Lake Boulevard, Ste. 202
Memphis, TN 38119
gveazey@jglawfirm.com

James M. Allen
ALLEN LAW FIRM PLLC
780 Ridge Lake Boulevard, Ste. 202
Memphis, TN 38120-9426
jim@jmallenlaw.com

Edward M. Bearman
780 Ridge Lake Boulevard, Ste. 202
Memphis, TN 38120
ebearman@jglawfirm.com

                                                                                    */s/ Zachary L. Barker*
                                                                                     Senior Assistant Attorney General
                                                                                     *Counsel for Defendant*