# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FREE SPEECH COALITION, INC.; DEEP CONNECTION TECHNOLOGIES, INC.; JFF PUBLICATIONS, LLC; PHE, INC.; and MELROSE MICHAELS, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN SKRMETTI, in his official capacity as THE ATTORNEY GENERAL OF TENNESSEE, <br><br> Defendant. | Civil Action No. 2:24-cv-02933 <br><br> Judge Sheryl H. Lipman |

### PLAINTIFFS' UNOPPOSED MOTION AND INCORPORATED MEMO FOR LEAVE TO FILE AMENDED COMPLAINT AND FOR STIPULATED SCHEDULING ORDER.

Now into Court, through undersigned counsel, come Plaintiffs Free Speech Coalition, Inc., Deep Technologies, Inc., JFF Publications, LLC, PHE, Inc., and Melrose Michaels, who together move this Honorable Court for leave to amend their pleading in order to capture the revised statutory language of the Protecting Tennessee Minors Act (PTMA) and properly set this constitutional challenge within the appropriate legal context following the Supreme Court's decision in *Free Speech Coalition, Inc. v. Paxton*, 606 U.S. ___ (2025). Defendant Attorney General Skrmetti does not oppose this motion.

A.  **Procedural Background**

1

In December 2024, Plaintiffs sought and obtained a preliminary injunction when this Court determined that the PTMA likely violated the First Amendment. *See* Dkt. No. 38. Specifically, the Court held that the PTMA "deviates from the obscenity standard in meaningful ways"—including through its use of disjunctive language separating the required elements. *Id.* at 25-28. The Court invoked the "rule against surplusage" to deny the AG's attempt to cast the discordance as a distinction without a difference. *See id.*

The AG obtained a stay of the injunction while it pursued an appeal of the Court's decision. With that appeal pending, two things happened. First, the Tennessee Legislature amended the PTMA to excise the section-specific "harmful to minors" definition and thereby revert to a "harmful to minors" definition that precedes the PTMA in the same title, chapter, and part of the Tennessee Code. That amendment took effect with the Governor's signing on May 8, 2025. Second, the Supreme Court decided *Free Speech Coalition v. Paxton*, which established intermediate scrutiny as the appropriate standard of review in a challenge to a Texas age verification law that adhered to the Supreme Court's well-worn obscenity standards set in *Miller v. California,* 413 U.S. 15 (1973) and *Ginsberg v. New York*, 390 U.S. 629 (1968).

On November 4, 2025, the Sixth Circuit Court of Appeals vacated this Court's injunction and remanded the case "for proceedings consistent with *Paxton*." Dkt. No. 61. The appellate panel recognized that although "[n]either party has shown that the pending appeal is actually moot[,] . . . as a practical matter, everyone agrees, we should remand the case to the district court to adjudicate, in the first instance, any issues remaining in the case's new legal landscape." *Id.*

Plaintiffs urge the Court to assume that task with the benefit of an Amended Pleading addressing the current state of the law.

**B. Law and Argument**

Under Federal Rule of Civil Procedure 15(a)(2), once the time for amendment as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."

The Sixth Circuit has consistently held that courts should grant leave to amend absent a showing of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *See Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). Indeed, "the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (internal quotation marks omitted).

This Court might be the first to consider the constitutionality of a state's age verification law following the *Paxton* decision, and it behooves all parties that the operative pleading, and the inevitable motion to dismiss aimed at it, properly account for the revised statutory language and the current state of the law. The Amended Complaint reflects Plaintiffs' litigative housekeeping—not a wholesale renovation of its case—and features the same parties, claims, and theories.

### C. Proposed Schedule

The parties have conferred and agreed upon the following briefing schedule for this motion, which Plaintiff requests that the Court accept:

- AG's responsive pleading or motion to dismiss: Due February 20, 2026
- Plaintiffs' brief in opposition to motion to dismiss: Due 14 days after motion to dismiss.
- AG's reply brief: Due 7 days after Plaintiff's opposition.

**D. Conclusion**

For the foregoing reasons, Plaintiffs seek leave to file the (attached) amended pleading and request that the Court issue a scheduling order consistent with the request made herein.

Respectfully Submitted,


Dated: January 7, 2026

By attorneys:

*/s/ Jeffrey Sandman*

_____
Edward M. Bearman #14242
The Law Office of Edward M. Bearman
780 Ridge Lake Blvd suite 202
Memphis, Tennessee 38120
Phone: (901) 682-3450 x125
Facsimile: (901) 682-3590
e-mail: ebearman@jglawfirm.com

Gary E Veazey # 10657
The Law Office of Gary E, Veazey
780 Ridge Lake Blvd suite 202
Memphis, Tennessee 38120
Phone: (901) 682-3450 x125
Facsimile: (901) 682-3590
e-mail: gveazey@jglawfirm.com

James Allen # 15968
The Allen Law Firm
780 Ridge Lake Blvd suite 202
Memphis, Tennessee 38120
Phone: (901) 682-3450 x125
Facsimile: (901) 682-3590
e-mail: jim@jmallenlaw.com

Jeffrey Sandman (*pro hac vice*)
Sandman Law LLC
5208 Magazine St., Suite 364
New Orleans, LA 70115

Phone: (978) 886-0639
Email: jeff@sandman-law.com

D. Gill Sperlein (*pro hac vice*)
Law Office of D. Gill Sperlein
345 Grove Street
San Francisco, CA 94102
Phone: (415) 404-6615
Email: gill@sperleinlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on January 7, 2026, to all counsel of record.

                                                            /s/ *Jeffrey Sandman*