**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| FREE SPEECH COALITION, INC., et al., )<br><br>    Plaintiffs, )<br><br>v. )<br><br>JONATHAN SKRMETTI, in his official )<br>capacity as THE ATTORNEY GENERAL )<br>OF TENNESSEE, )<br><br>    Defendant. ) | No. 2:24-cv-02933-SHL-tmp |

---

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT AND DENYING DEFENDANT'S
MOTION TO DISMISS AS MOOT**

---

By motion filed January 7, 2026, Plaintiffs Free Speech Coalition, Inc., Deep Technologies, Inc., JFF Publications, LLC, PHE, Inc., and Melrose Michaels seek leave to file an Amended Complaint against Defendant Jonathan Skrmetti, the Tennessee Attorney General. (ECF No. 65.) The Motion is unopposed. (ECF No. 68.) For the reasons that follow, the Motion is **GRANTED**, and the Parties' Proposed Schedule is **ADOPTED**.

## BACKGROUND

In November 2024, Plaintiffs filed the Complaint, challenging the Protect Tennessee Minors Act ("PTMA" or "Act"), which requires online entities publishing websites with one-third of their content being harmful to minors to verify all users' ages. (ECF No. 1.) The Complaint alleged constitutional violations against Skrmetti and sought equitable relief. Plaintiffs also sought and obtained a preliminary injunction preventing Skrmetti's enforcement of the PTMA, based on this Court's determination that the Act likely violated Plaintiffs' First and Fourteenth Amendment rights. (ECF Nos. 2, 38.) After the Complaint was filed, but before

the preliminary injunction issued, Skrmetti filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which remains pending.  (ECF No. 35.)  He also appealed the grant of the injunction to the Sixth Circuit Court of Appeals.  (ECF No. 39.)

Following a failed emergency motion to stay the injunction in this Court, Skrmetti petitioned the Sixth Circuit for an emergency stay pending a decision on the merits of his appeal.  (See ECF No. 61 at PageID 1013.)  The Sixth Circuit granted the emergency stay partly because Free Speech Coalition, Inc. v. Paxton, 606 U.S. 461 (2025), was pending before the United States Supreme Court at the time and involved enforcement of a similar age verification law from Texas.  See Free Speech Coal., Inc. v. Skrmetti, No. 24-6158, 2025 U.S. App. LEXIS 771, *8–11 (6th Cir. Jan. 13, 2025).  And, on April 22, 2025, this Court granted in part Skrmetti's motion to stay proceedings pending the decision in Paxton, but ordered the Parties to file a status update within ten days after the Supreme Court's decision that outlines its effect on Plaintiffs' claims.  (ECF No. 55.)

While Skrmetti's appeal was pending, the Tennessee General Assembly amended the PTMA's definition of "harmful to minors," a change that took effect on May 8, 2025.  (ECF No. 65 at PageID 1025.)  Also during that period, the Supreme Court issued the Paxton opinion on June 27, and the Parties submitted status reports as directed.  (See ECF Nos. 56, 60.)

Skrmetti then requested that this Court grant his pending motion to dismiss (ECF No. 57 at PageID 993), but Plaintiffs objected, stating that they planned to (1) file an amended complaint to address Tennessee's changes to the PTMA and (2) "develop a schedule for proceeding with this litigation" (ECF No. 60 at PageID 1001, 1006).  Plaintiffs filed a contemporaneous notice of withdrawal of their 2024 Motion for Preliminary Injunction (ECF

No. 59), and requested that this Court vacate its order granting that motion (ECF No. 60 at PageID 1006).

On November 4, 2025, the Sixth Circuit vacated the injunction and remanded the case "for proceedings consistent with Paxton."  (ECF No. 63 at PageID 1018–19.)  Plaintiffs now seek leave to file an amended complaint addressing "the revised statutory language and the current state of the law."  (ECF No. 65 at PageID 1026.)

## ANALYSIS

Leave to amend pleadings "should be freely given when justice so requires."  Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986) (citations omitted); Fed. R. Civ. P. 15(a)(2). Determining when justice calls for an amendment to a complaint is within a court's "sound discretion."  Moore, 790 F.2d at 559 (citing Zenith Radio Corp. v. Hazeltine Rsch., Inc., 401 U.S. 321, 330 (1971)).  When ruling on a motion to amend pleadings, a court must state the basis for its ruling, must consider the parties' "competing interests," and must consider the prejudice that may arise from amendment.  Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

If there has been "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should not be freely given.  Id.; accord 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1487 (3d ed. 2016).  Although delay alone is insufficient to deny leave, "at some point . . . delay . . . will become prejudice, placing an unfair burden on the opposing party."  Scheib v. Boderk, No. 07-cv-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (quoting Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002)).  As for futility, a proposed amendment is futile if it would not withstand a motion to dismiss.  See Hahn v. Star

Bank, 190 F.3d 708, 715–18 (6th Cir. 1999), reh'g denied, 1999 U.S. App. LEXIS 28429 (6th Cir. Oct. 20, 1999), cert. denied, 520 U.S. 1020 (2000).

Plaintiffs argue that they should be granted leave to amend because of the "liberality in allowing amendments to a complaint." (ECF No. 65 at PageID 1026 (quoting Newberry v. Silverman, 789 F.3d 636, 645 (6th Cir. 2015)).) They also assert that, because the Court may be one of the first "to consider the constitutionality" of a website age verification statute after Paxton, the operative complaint should be amended to capture the current landscape regarding such laws. (Id.)

Applying the Rule 15(a)(2) factors, Plaintiffs have demonstrated that justice requires leave to amend. Plaintiffs correctly acknowledge that circumstances have changed, as the Tennessee legislature amended the PTMA since the Complaint was filed, and Paxton may materially impact the outcome here. Additionally, although Skrmetti has an interest adverse to Plaintiffs in enforcing the PTMA, the injunction preventing him from doing so has been vacated, and he does not oppose amendment. (ECF No. 68.) And because of Skrmetti's lack of opposition after consultation, there is little to no risk of undue prejudice. Moreover, nothing in the record shows the Motion is brought in bad faith or for dilatory motive. Therefore, Plaintiffs' Motion is **GRANTED**, and they are **ORDERED** to file the Amended Complaint at ECF No. 65-1 as a separate entry on the docket within **five** days of this Order.

Relatedly, Plaintiffs also request an amended scheduling order reflecting their Proposed Schedule, which Skrmetti agreed to:

- [Skrmetti]'s responsive pleading or motion to dismiss: Due February 20, 2026
- Plaintiffs' brief in opposition to motion to dismiss: Due 14 days after motion to dismiss.
- [Skrmetti]'s reply brief: Due 7 days after Plaintiff's opposition.

(ECF No. 65 at PageID 1026.)

The Motion does not state whether this proposed schedule depends on the timing of the Amended Complaint.

Amendment of a scheduling order is within a court's discretion and should only be done for "good cause" shown.  Fed. R. Civ. P. 16(b)(4).  Ordinarily, a party has until the later of either (1) fourteen days after being served an amended pleading, or (2) within its time remaining to respond, to file a response or answer.  Fed. R. Civ. P. 15(a)(3).  However, given the changed circumstances, there is good cause to provide Skrmetti a time period closer to the twenty-one days contemplated by Rule 12(a) to answer or respond to the amended complaint.  For good cause shown, the Court **ADOPTS** the Parties' proposed briefing schedule.  An amended scheduling order shall follow, as will a setting letter for a scheduling conference.

Finally, Skrmetti's Motion to Dismiss will soon be moot, as the forthcoming amended complaint will supersede the original complaint and control this action from here forward.  See Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306 (6th Cir. 2000) (adopting Eighth and Seventh Circuit statements that amended complaints supersede previous complaints); see also Dailey v. Koch Foods, LLC, No. 17-CV-268, 2018 U.S. Dist. LEXIS 3707, at *2–3 (E.D. Tenn. Jan. 9, 2018) (collecting cases explaining that an amended complaint renders "a motion to dismiss the original complaint" moot).  Accordingly, Skrmetti's Motion to Dismiss is **DENIED AS MOOT**.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** and Plaintiffs are **ORDERED** to file the Amended Complaint within **five** days of this Order.  Further, the proposed amended schedule is **ADOPTED**, and Defendant Skrmetti's Motion to Dismiss is **DENIED AS MOOT**.

**IT IS SO ORDERED,** this 28th day of January, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE