**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **FREE SPEECH COALITION, INC.; DEEP CONNECTION TECHNOLOGIES, INC.; JFF PUBLICATIONS, LLS; PHE, INC.; AND MELROSE MICHAELS,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**JONATHAN SKRMETTI, in his official capacity as THE ATTORNEY GENERAL OF TENNESSEE,**<br><br>***Defendant.*** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 2:24-cv-02933**<br>**Chief Judge Lipman**<br>**Magistrate Judge Pham** |

---

**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

---

Defendant Jonathan Skrmetti, in his official capacity as the Attorney General of Tennessee, files this Answer to the Amended Complaint in the above captioned case as follows:

**INTRODUCTION**

1. Denied in part and admitted in part. Defendant denies that the PTMA places substantial burdens on Plaintiffs. Defendant lacks knowledge or information sufficient to form a belief about the truth of the description of Plaintiffs as "website operators, content creators, and countless others." To the extent that this paragraph quotes the language of the Protect Tennessee Minors Act ("PTMA"), Defendant admits that the quoted language exists in Tenn. Code Ann. § 39-17-912 as of the date of this Answer. Defendant also admits that the statute prescribes civil liability for violations of subsection (c) and "Class C felony" criminal liability for violations of subsections (d) or (c). Defendant denies that Tenn. Code Ann. § 39-17-912

expressly provides for 15 years in prison or $10,000 in fines as the punishment for a Class C Felony is set forth elsewhere in the Tennessee code.

2. Denied in part and admitted in part. Defendant denies that the PTMA violates the United States Constitution. Defendant denies that the PTMA “impermissibly burdens” Plaintiffs’ rights. Defendant admits that Plaintiffs seek declaratory and injunctive relief.

3. Denied.

4. Denied.

5. Denied.

6. Denied in part and admitted in part. Defendant denies that the PTMA is materially different than the Texas law challenged in *Paxton*. Defendant admits that the Supreme Court addressed a First Amendment challenge to a Texas age verification law. Defendant denies the remainder of the allegation in this paragraph.

**JURISDICTION AND VENUE**

7. Denied in part and admitted in part. Defendant admits that this case presents a federal question within this Court’s jurisdiction under Article III. Defendant admits that this suit seeks remedies under 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§ 1983 and 1988, and Fed. R. Civ. P. 65. Defendant denies that Plaintiffs are entitled to any relief under those provisions. To the extent that this allegation is related to the Court’s subject-matter jurisdiction, Defendant denies this allegation because Defendant is entitled to sovereign immunity and Plaintiffs lack standing.

8. Denied.

## PARTIES

### I. Plaintiffs

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.
10. Denied in part and admitted in part. Defendant admits that FSC sues on its own behalf and on behalf of its members. Defendant denies that FSC has associational or organizational standing. Defendant denies Plaintiffs' legal conclusions regarding standing, harm, or requested relief.
11. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.
12. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.
13. Denied.
14. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.
15. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.
16. Denied.
17. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.
18. Denied.
19. Denied.
20. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

**II. Defendant**

21. Denied in part and admitted in part. Defendant denies this paragraph to the extent that it is inconsistent with his assertion of sovereign immunity. Defendant admits the remainder of the allegation.

22. Admitted.

23. Admitted.

## FACTS

**I. Statutory and Procedural History**

**A. PTMA – Original Version**

24. Denied in part and admitted in part. Defendant admits that he is sued for prospective relief but denies that Plaintiffs are entitled to such relief. Defendant admits that Plaintiffs seek declaratory and injunctive relief but denies that Plaintiffs are entitled to such relief.

25. Admitted.

26. Admitted.

27. Denied in part and admitted in part. Defendant denies that a criminal violation of the PTMA is "prosecutable by the Attorney General." Defendant admits that this paragraph accurately quotes the text of the PTMA regarding the punishment for a violation.

28. Admitted.

**B. Legal Challenge**

29. Admitted.

30. Denied in part and admitted in part. Defendant denies this allegation to the extent that Plaintiffs offers a characterization of the Attorney General's arguments.

31. Admitted.

32. Admitted.

**C. PTMA – Amended Version**

33. Admitted.

**D. Impact of *Paxton***

34. Denied.

35. Denied.

**II. The Amended PTMA Fails to Abide the Modified-for-Minors Obscenity Standard and Therefore is Subject to Strict, Not Intermediate Scrutiny.**

36. Denied.

**A. An Obscenity Statute Must Specifically Define the Contest that is Proscribed.**

37. Denied.

38. Denied.

39. Denied.

**B. The PTMA Cannot Survive Strict Scrutiny.**

40. Denied.

41. Denied.

42. Denied.

43. Defendant lacks sufficient information to determine the truth of this allegation.

44. Defendant lacks sufficient information to determine the truth of this allegation.

45. Denied.

46. Denied.

**III. The Amended PTMA Fails to Survive Even Intermediate Scrutiny Because It Betrays a Legislative Intent to Curtail Adult Rights**

47. Denied.

48. Denied.

49. Denied.

50. Denied in part, admitted in part, and lack of sufficient information in part. Defendant admits the PTMA requires retention of historical anonymized age-verification data but denies that such requirement exacerbates privacy risks. Defendant lacks sufficient information to determine whether it raises costs for providers and therefore denies that allegation.

51. Denied.

## IV. The Amended PTMA Infringes Constitutional Rights in Ways that the *Paxton* Court Did Not Address.

### A. Criminal Penalties, Vagueness, and Overbreadth

52. Denied in part and admitted in part. Defendant admits that the quoted language exists in Tenn. Code Ann. § 39-17-912 as of the date of this Answer. Defendant also admits that the statute prescribes civil and criminal liability. Defendant denies that Tenn. Code Ann. § 39-17-912 expressly provides for 15 years in prison or $10,000 in fines as the punishment for a Class C Felony is set forth elsewhere in the Tennessee code.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

**B. The Rights of Older Minors**

62. Denied.

63. Denied.

64. Denied.

**C. The Express Conflict with Federal Statutory Law**

65. Admitted.

66. Denied.

67. Denied.

**V. The Need for, and Nature of, the Injunctive Relief Sought.**

68. Defendant lacks sufficient information to respond to this allegation.

69. Denied in part and admitted in part. Defendant admits that Plaintiffs seek injunctive relief but denies that they are entitled to such relief.

## CAUSES OF ACTION

**COUNT 1: Violation of Free Speech Rights Secured Under the First and Fourteenth Amendments of the United States Constitution**

70. Denied in part and admitted in part. Defendant incorporates the foregoing answers as if set forth herein just as Plaintiffs "repeat and re-allege" the foregoing paragraphs in the Amended Complaint.

71. Denied.

72. Denied.

73. Denied.

74. Denied in part and admitted in part. Defendant admits that Plaintiffs seek injunctive relief but denies that they are entitled to such relief.

**COUNT 2: Violation of Due Process Rights Secured Under the Fourteenth Amendment of the United States Constitution**

75. Denied in part and admitted in part. Defendant incorporates the foregoing answers as if set forth herein just as Plaintiffs "repeat and re-allege" the foregoing paragraphs in the Amended Complaint.

76. Denied.

77. Denied in part and admitted in part. Defendant admits that Plaintiffs seek injunctive relief but denies that they are entitled to such relief.

**COUNT 3: Violation of the Supremacy Clause of the United States Constitution and Section 230 of Title 47 United States Code**

78. Denied in part and admitted in part. Defendant incorporates the foregoing answers as if set forth herein just as Plaintiffs "repeat and re-allege" the foregoing paragraphs in the Amended Complaint.

79. Denied.

80. Denied.

81. Denied in part and admitted in part. Defendant admits that Plaintiff JFF seeks injunctive relief but denies that Plaintiff JFF is entitled to such relief.

**COUNT 4: Declaratory Judgment Act**

82. Denied in part and admitted in part. Defendant incorporates the foregoing answers as if set forth herein just as Plaintiffs "repeat and re-allege" the foregoing paragraphs in the Amended Complaint.

83. Denied.

84. Denied.

85. Denied.

86. Admitted in part and denied in part. Defendant admits that Plaintiffs seek declaratory relief but denies that they are entitled to such relief.

87. Any allegations contained in headings or footnotes of Plaintiffs' Amended Complaint are denied.

88. Any allegations not specifically admitted herein and hereby denied.

## PRAYER FOR RELIEF

89. [Plaintiffs' "Prayer for Relief" Paragraph A] Denied.

90. [Plaintiffs' "Prayer for Relief" Paragraph B] Denied.

91. [Plaintiffs' "Prayer for Relief" Paragraph C] Denied.

92. [Plaintiffs' "Prayer for Relief" Paragraph D] Denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Court lacks subject-matter jurisdiction over the claims asserted in Plaintiffs' Amended Complaint.
2. Plaintiffs fail to state a claim upon which relief may be granted in all counts of Plaintiffs' Amended Complaint.
3. Sovereign Immunity bars suit against Defendant.
4. Plaintiffs lack standing to maintain the claims raised in their Amended Complaint.
5. No act, omission, or law, policy, practice, or custom of Defendant has deprived Plaintiffs of rights secured by the United States Constitution.
6. Plaintiffs' claims are non-justiciable.
7. Defendant is entitled to and seeks herein to recover attorneys' fees and expenses incurred in this action as provided for by 42 U.S.C. § 1988.

8. Defendant reserves the right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional affirmative defenses or averments which might become relevant as facts are discovered.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Zachary L. Barker*
ZACHARY L. BARKER, BPR # 035933
Senior Assistant Attorney General

ANDREW DENNING, BPR # 042208
Assistant Attorney General

Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-4098
Zachary.Barker@ag.tn.gov
Andrew.Denning@ag.tn.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on October 13, 2026, to all counsel of record:

D. Gill Sperlein
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, CA 94102
gill@sperleinlaw.om

Gary E. Veazey
JOHNSON GRUSIN KEE & SURPRISE
780 Ridge Lake Boulevard, Ste. 202
Memphis, TN 38119
gveazey@jglawfirm.com

James M. Allen
ALLEN LAW FIRM PLLC
780 Ridge Lake Boulevard, Ste. 202
Memphis, TN 38120-9426
jim@jmallenlaw.com

Edward M. Bearman
780 Ridge Lake Boulevard, Ste. 202
Memphis, TN 38120
ebearman@jglawfirm.com

*/s/ Zachary L. Barker*
Zachary L. Barker
Senior Assistant Attorney General